# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1465-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Amie B. Trupke, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | Amie B. Trupke, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST TRUPKE

| | |
|---|---|
| OPINION FILED: | April 24, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

**2018 WI 43**

No. 2017AP1465-D

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Amie B. Trupke, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**Amie B. Trupke,**

       **Respondent.**

**FILED**

**APR 24, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Amie B. Trupke. The stipulation provides that Attorney Trupke committed two counts of professional misconduct and requests that the court suspend Attorney Trupke's license to practice law in this state for one year.

¶2 After carefully reviewing this matter, we accept the stipulation and impose the requested discipline. We do not order any restitution, as none was requested by the OLR. Because this matter has been resolved by a stipulation under SCR 22.12 without the need for the appointment of a referee, we impose no costs on Attorney Trupke.

¶3 Attorney Trupke was admitted to the practice of law in Wisconsin in 2002. She resides in Oregon, Wisconsin. Attorney Trupke has not previously been the subject of professional discipline. At the times of the events giving rise to this proceeding, Attorney Trupke was a partner in a Madison law firm.

¶4 On July 28, 2017, the OLR filed a disciplinary complaint against Attorney Trupke alleging two counts of professional misconduct and seeking a one-year suspension. Attorney Trupke retained counsel and responded to the complaint.

¶5 The facts set forth in the complaint are as follows: In 2013, Attorney Trupke began serving as an independent reviewer for the Center for Copyright Information (CCI). CCI is a service offered through the American Arbitration Association (AAA) in which an independent reviewer is appointed to consider whether an individual may be violating copyright law or has a valid defense. Once a CCI reviewer or AAA arbitrator completes a matter, the parties pay a fee to AAA, which in turn pays the reviewer or arbitrator.

¶6 Between January 2013 and June 2016, AAA paid Attorney Trupke $73,025 for her work as a CCI reviewer. Attorney Trupke

2

did not report the $73,025 in CCI fees to her firm or to her partners.

¶7 In 2013, Attorney Trupke opened a file at the firm for an AAA matter. After working 28.10 hours on the matter, she directed the firm's accounting department to write the time off. She subsequently sent a personal invoice to AAA, requesting that AAA send payment to her home. In March 2016, Attorney Trupke gave misleading information to the firm's managing partner about her work and income from CCI and AAA.

¶8 Attorney Trupke resigned from the firm in May 2016. In June 2016, Attorney Trupke and the firm entered into a reimbursement agreement in which Attorney Trupke waived certain post resignation benefits to offset payments she owed to the firm.

¶9 On January 2, 2018, the OLR and Attorney Trupke filed a stipulation whereby Attorney Trupke withdrew her answer and stipulated that she did not contest the alleged misconduct. Specifically, Attorney Trupke stipulated that converting fees belonging to the firm from 2013 through 2016 constitutes a violation of SCR 20:8.4(c).[1] Attorney Trupke stipulated further that by converting fees owed to her law firm from 2013 through 2016, by misrepresenting to the firm the amount of fees she had earned from 2013 through 2016, and in taking steps to ensure

---

[1] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

3

that fees owed to the firm were paid directly to her instead of the firm, she breached fiduciary duties owed to her firm and her duty of honesty in her professional dealings with the firm, thereby violating SCR 20:8.4(f).[2]

¶10 In the stipulation, Attorney Trupke stated that she believed that her work as a CCI reviewer was educational in nature, similar to educational services that law partners performed for the law school, whereby partners were allowed to retain some compensation under a firm honoraria policy.

¶11 Attorney Trupke added that all checks from the AAA were sent to the firm's address, and her 1099s for 2014 and 2015 from the AAA were sent to the firm's address and were received by the firm's accounting department. Attorney Trupke stated that she was under the impression that the firm was aware of her work for the CCI and AAA.

¶12 The OLR maintained that the firm was not aware of Attorney Trupke's work as a CCI reviewer, nor her compensation for it, and that Attorney Trupke's work as a CCI reviewer did not fall within the firm's policy regarding honoraria.

¶13 The court directed the OLR to file a memorandum in support of the stipulation with some additional information. The OLR's subsequent memorandum and Attorney Trupke's memorandum

---

[2] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers." See In re Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, 527 N.W.2d 314 (1995).

in response to the OLR's memo clarified that Attorney Trupke fully intended to withdraw her response to the complaint and that the recommended suspension was agreed upon based on precedent and Attorney Trupke's desire to avoid a disciplinary hearing. We accede to the parties' request to consider this stipulation without appointment of a referee.

¶14 In the stipulation, Attorney Trupke affirms that the stipulation did not result from plea bargaining; she fully understands the misconduct allegations; she fully understands her right to contest this matter; she fully understands her right to consult with counsel; her entry into this stipulation is made knowingly and voluntarily; her entry into this stipulation represents her decision not to contest the misconduct alleged in the complaint; and she assents to the level of discipline requested by the OLR.

¶15 The stipulation requests that the court suspend Attorney Trupke's license to practice law in Wisconsin for a period of one year, which was the level of discipline originally sought by the OLR in its complaint.

¶16 Acknowledging that the imposition of discipline in attorney disciplinary cases is not an exact science, we conclude that a one-year suspension is consistent with the level of discipline imposed in somewhat similar cases. In considering the appropriate sanction, we deem In re Disciplinary Proceedings Against Brown, 2005 WI 49, 280 Wis. 2d 44, 695 N.W.2d 295, instructive. There, Attorney Brown was suspended for 18 months for, inter alia, accepting fees from clients totaling some

$16,000 while advising his firm that he was acting pro bono. The nature of the misconduct in Brown was more serious than here, and various mitigating factors support a lesser suspension than he received. See also In re Disciplinary Proceedings Against Elverman, 2008 WI 28, 308 Wis. 2d 524, 746 N.W.2d 793 (imposing nine-month suspension on attorney for failing to report substantial co-trustee fees to his firm). These cases are sufficiently analogous to support the imposition of a one-year suspension here.

¶17 Accordingly, we accept the stipulation and impose the requested one-year suspension. The OLR has not requested restitution in light of the fact that Attorney Trupke made arrangements to refund the firm. Accordingly, we do not order any restitution. Finally, because the stipulation was filed at the outset of this proceeding, thereby avoiding litigation costs and the need to appoint a referee, we impose no costs on Attorney Trupke.

¶18 IT IS ORDERED that the license of Amie B. Trupke to practice law in Wisconsin is suspended for a period of one year, effective June 5, 2018.

¶19 IT IS FURTHER ORDERED that Amie B. Trupke shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

6